**Maria Lopez VASQUEZ;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

Nos. 04–73383, 05–72279.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria Lopez Vasquez, Orange, CA, pro se.

Sabino Lopez Vasquez, Orange, CA, pro se.

Yadira Lopez Vasquez, Orange, CA, pro se.

Roberto Lopez Vasquez, Orange, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

## MEMORANDUM **

Maria Lopez Vasquez, and her children Sabino Lopez Vasquez, Yadira Lopez Vasquez, and Roberto Lopez Vazquez, all natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' summary affirmance without opinion of an immigration judge's denial of their applications for cancellation of removal and the Board's denial of their mo-

tion to reopen to seek protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny in part and grant in part the petition for review.

The IJ denied the childrens' applications for cancellation of removal due to the lack of a qualifying relative. This determination is supported by substantial evidence. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002). Moreover, petitioners' opening brief does not address the denial of the childrens' cancellation applications. *See Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1021 n. 4 (9th Cir. 2005) (stating that issues not addressed in the opening brief are deemed waived). Likewise, petitioners' opening brief does not address the Board's denial of their motion to reopen. Accordingly, we deny the petition as to the childrens' applications for cancellation of removal and as to all four petitioners' motion to reopen.

Maria contends that the IJ erred in determining that she failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) due to a departure from the United States in 1991. Although an administrative voluntary departure constitutes a break in continuous physical presence, *see Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam), we have held that the fact that an alien is turned around at the border, i.e., voluntarily returned, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt accrual of physical presence, *see Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The government has requested that we remand Maria's cancellation application for further consideration in light of *Tapia.* We agree that remand is appropriate under these circumstances. Accordingly, we remand Maria's cancellation of removal application to the Board for further proceedings. On remand, both the government and Maria are entitled to present additional evidence regarding any of the predicate eligibility requirements, including continuous physical presence.

Appellee's motion to remand is granted, and the request to suspend briefing is denied as moot.

**PETITION FOR REVIEW DENIED in part and GRANTED and REMANDED in part.**